UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:21-CV-80376

15TH JUDICIAL CIRCUIT
Court Case No.: 502020CA012039XXXXMB

DIANA WLADIMIRSKI and
ISREAL WLADIMIRSKI, her husband,

        Plaintiff,
v.

TARGET CORPORATION,

        Defendant.
_____/

## **DEFENDANT'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW**

Defendant/Petitioner TARGET CORPORATION ("TARGET"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, 1446, Fed. R. Civ. P. 81(c), respectfully petitions this Court for removal of the above-captioned action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Palm Beach Division [Ex. 1: Civil Cover Sheet].  In support thereof, TARGET states as follows:

      1.    Plaintiff filed this state court action styled *Diana Wladimirski and IsreaI Wladimirski v. Target Corporation and Chris Deal*, Case No.: 50-2020-CA012039 in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, on November 3, 2020 alleging personal injuries as a result of an employee striking her with "a cart carrying a television" on November 24, 2016.  ISREAL WLADIMIRSKI ("ISREAL") asserts a separate loss of consortium claim. TARGET was served with the Complaint on November 11, 2020. [Ex. 2: Summons and Complaint].

2. On November 24, 2020, TARGET filed its Answer and Affirmative Defenses to WLADIMIRSKI'S Complaint. [Ex. 3: Target Answer]

3. On February 3, 2021, Judge Coates entered an Order Granting Plaintiffs Leave to Amend the Complaint [Ex. 4: Order]

4. On February 16, 2021, WLADIMIRSKI filed an Amended Complaint naming TARGET as the sole defendant. Chris Deal is no longer a party to the lawsuit. ISREAL asserts a separate loss of consortium claim in the Amended Complaint. [Ex. 5: Amended Complaint]

5. On February 22, 2021, TARGET filed its Answer and Affirmative Defenses to WLADIMIRSKI'S Amended Complaint [Ex. 6: Target Ans. to Amended Complaint]

6. DIANA WLADIMIRSKI ("WLADIMIRSKI") and ISREAL are husband and wife; they are residents of Palm Beach County, Florida. WLADIMIRSKI and ISREAL are citizens of the state of Florida [Ex.5: ¶2].

7. TARGET is a foreign corporation incorporated in Minnesota with its principle place of business in Minnesota. TARGET is a citizen of the state of Minnesota [Ex.6: ¶3].

8. The Amended Complaint seeks damages for WLADIMIRSKI'S alleged injuries and states as follows [Ex. 5: ¶11]:

> Plaintiff, WLADIMISKI, was severely, significantly and permanently injured within a reasonable degree of medical probability, and has been permanently and significantly scarred and disfigured; has incurred a significant and permanent loss of bodily functions; and/or has sustained a significant and permanent aggravation of a pre-existing injury. As a further direct and proximate result of said Defendant's negligence, the Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future. The Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctor bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate his suffering and cure her injuries. The Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as the result of the injuries. All of the Plaintiff's losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

9. WLADIMIRSKI seeks damages in excess of excess of Thirty Thousand Dollars ($30,000.00). [Ex.5]

10. Count II of the Amended Complaint asserts an independent Loss of Consortium claim on behalf of ISREAL who alleges as follows [Ex. 5]:

> As a further direct and proximate result of the foregoing, ISREAL has in the past and will in the future suffer the loss of his wife' services, companionship and consortium. ISREAL seeks damages in excess of $30,000.00.

11. On January 13, 2021, WLADIMIRSKI responded to TARGET'S Interrogatories claiming the following injuries [Ex. 7: Plt. Interrogatory Answers]:

> Lumbago, thoracic spine pain, right leg pain, left wrist pain, left hand pain, lower back pain radiating to buttocks,, right hip pain, and neck pain. [Ex. 7: No. 10]

12. In her Answer to Interrogatory Number 11, WLADIMIRSKI itemized the medical expenses which she relates to the incident at TARGET as follows [Ex.7: No.11]:

| Provider | Expense |
| --- | --- |
| Medprevent | $     791.00 |
| University MRI and Imaging | $ 20,280.00 |
| The Imaging Centers of Palm Beach | $  5,850.00 |
| Orthopedic Center of Palm Beach County | $ 23,385.00 |
| Spine and Orthopedic Center |  |
| Florida Spine Associates | $151,031.00 |
| Select Physical Therapy | $  1,565.00 |
| South Florida Hand and Orthopedic | $     560.00 |
| The Joyner Hand | $     860.00 |
| Florida Movement Therapy | $     810.00 |
| Dr. Even Packer | $  1,050.00 |
| **TOTAL** | **$205,582.01** |

13. Per her Answer to Interrogatory Number 10 and 11, WLADIMIRSKI relies on her medical records and billing as the best source of information regards her alleged injuries and incurred expenses [Ex. 7]. On January 13, 2021 WLADIMIRSKI produced over 400 pages of medical records and billing in Response to TARGET'S Request for Production. Included therein, is a January 23, 2019 Operative Report providing that WLADIMIRSKI underwent surgery on her

left wrist, Procedure Notes documenting that she received a series of epidural steroid injections into her lumbar spine, facet injections, medical branch nerve blocks and underwent a kyphoplasty surgical procedure to her thoracic spine by Dr. Saville to manage "severe and intractable back pain, difficulty with ambulation, progressive deformity, and failure of multimodality nonoperative treatment modalities."[1] [Ex. 8: Procedure and Operative Reports]

14. The 400-plus pages of medical records and billing provided by counsel support the allegations in Plaintiff's Amended Complaint that WLADMIRSKI "was severely, significantly and permanently injured" resulting in extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life." WLADMIRSKI seeks damages for past and future suffering and asserts that her injuries are permanent and that she will continue to suffer additional losses in the future all of which are supported by her medical records. [Ex.5].

15. On January 13, 2021, ISRAEL provided his sworn Interrogatory Answers stating that he "had and will in the future suffer the loss of WLADIMIRSKI'S services, companionship, and consortium." ISRAEL sets forth the details of the claim in his Interrogatory Answers. [Ex. 9: ISRAEL'S Interrog. Ans.]

16. Based on the foregoing, the amount in controversy in this matter is in excess of the jurisdictional threshold of $75,000.00.

---

[1] The 400 plus pages of extensive medical records have been excluded as an exhibit to this Removal Petition in accordance with the CM/ECF Administrative Procedures for the S. Dist. Fla. to protect the privacy of Plaintiff. To support its Removal, Target has attached redacted portions of the Procedure and Surgery Reports which document the extent of Plaintiff's injuries and treatment [Ex.8]. An unredacted copy of Plaintiff's complete medical records and billing provided by Counsel to TARGET is available for the Court upon request.

17. TARGET'S Notice of Removal has been filed within 30 days of receipt of WLADIMIRSKI'S Amended Complaint pursuant to the "other paper provision" of 28 U.S.C. §1446.

18. Venue is proper in the Palm Beach Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Palm Beach County.

19. Copies of all process, pleadings and other papers filed in the State Court proceedings have been filed with the Court as required by 28 U.S.C. §1446 (a). Copies of these documents are attached as composite Exhibit 10.

20. TARGET has filed the removal fee contemporaneously with its Removal Petition.

21. Pursuant to 28 U.S.C. §1446(d), TARGET has provided written notice of the removal of the State Court Action to WLADIMIRSKI'S counsel and has filed a Notice of Filing this Notice of Removal with the State Court. A true and correct copy of the Notice of Filing Target's Notice of Removal is attached hereto as Exhibit 11.

## MEMORANDUM OF LAW

22. As a predicate for removal, a removing defendant must demonstrate that the district court has original jurisdiction of the action pending in state court. *Leonard v. Kern,* 651 F. Supp. 263 (S.D. Fla. 1986). The burden is on the party requesting removal to federal court to show that it has met all of the applicable statutory requirements. *Wright v. Continental Casualty Co.,* 456 F. Sup. 1075, (N.D. Fla. 1978). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden. *Pretka v. Kolter City Plaza II,* 608 F. 3d 744 (11th Cir. 2010).

23. Based upon the removal evidence, including WLADIMIRSKI'S Complaint, the Amended Complaint, WLADIMIRSKI'S Interrogatory Answers identifying medical expenses to date of **$205,582.01**, her Responses to TARGET'S Request for Production along with over 400

pages of medical records and billing including the attached Procedure and Surgical Reports, and ISRAEL'S Interrogatory Answers demonstrates that TARGET has met its burden and has fully complied with the statutory requirements for removal of this matter to Federal Court.

24.   Removal herein is proper based on diversity jurisdiction in accordance with 28 U.S.C. §1332 and 28 U.S.C. §1441(a).  Complete diversity exists between WLADIMIRSKI (Florida), ISRAEL (Florida), and TARGET (Minnesota) and the amount in controversy exceeds $75,000.00.  The Court possesses jurisdiction over this matter.  *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

25.   Where, as here, WLADIMIRSKI has not plead a specific damage amount in her Amended Complaint, TARGET must prove by "a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996).  A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  A defendant's removal petition need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions nor prove the amount.  *See: Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. St. 547 (2014); *Schaefer v. Seattle Service Bureau, Inc.*, 2015 WL 6746614, (M.D. Fla. 2015).  District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of the removal and the Court may use its judicial experience and common sense in determining if a case meets the federal jurisdiction requirements.  *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).  The removal evidence herein

demonstrates by a preponderance of the evidence that TARGET has met its burden as the amount-in-controversy in this matter exceeds the $75,000.00 threshold for invoking federal jurisdiction.

26. WLADIMIRSKI alleges that TARGET is responsible for her personal injuries and seeks damages arising from the incident. WLADIMIRSKI'S Amended Complaint seeks damages in excess of $30,000.00. Per the Amended Complaint, WLADIMIRSKI seeks damages for permanent and severe bodily injury, disfigurement, pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; WLADIMIRSKI claims she will suffer said damages in the future.

27. Per her discovery responses, WLADIMIRSKI sets forth in detail the injuries which she relates to the incident at Target. Those include injuries to her back, leg, wrist, hand, hip and neck. WLADIMIRSKI'S Interrogatory Answers identify the medical providers who have treated her and itemize medical expenses to date of at least **$205,582.01.** The medical records and billing produced in her Response to TARGET'S Request for Production back-up her injuries and medical treatment including surgery to her wrist, a kyphoplasty back surgery, and multiple spinal injections and nerve blocks. The allegations in the Amended Complaint along with WLADIMIRSKI'S discovery responses, medical records, and billing undoubtedly confirm she is seeking damages in excess of $75,000.00.

28. Based upon on all of the foregoing, the amount in controversy in this matter is clearly in excess of the jurisdictional threshold limit of $75,000.00.

29. A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A removing defendant need only show that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d

1058 (11th Cir. 2010).  Based on the foregoing, removal of this matter is proper; TARGET has demonstrated by a preponderance of the evidence, that the amount in controversy herein exceeds the jurisdictional requirement set forth in 28 U.S.C. §1332.

## **CONCLUSION**

30.     This action is removable to federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 threshold for federal jurisdiction. WLADIMIRSKI, ISREAL are citizens of the State of Florida and TARGET is a Minnesota corporation.  Diversity jurisdiction exists pursuant to 28 U.S.C. §1332, as there is complete diversity between WLADIMIRSKI, ISREAL, and TARGET. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

WHEREFORE, Defendant/Petitioner, TARGET CORPRATION, respectfully requests this action, which is currently pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to this Honorable Court, that this Court assume full jurisdiction over the cause herein as provided by law, and that the Court grant further relief which is deemed just and appropriate.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, Florida 33411
Telephone: (561) 684-3222
Facsimile: (561) 640-3050
Email: jdd@derreverelaw.com

BY: */s/ Jon D. Derrevere*
JON D. DERREVERE, ESQUIRE
Florida Bar No: 0330132

## SERVICE LIST

**DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI versus Target Corporation**

**United States District Court, Southern District of Florida**

Jon D. Derrevere, Esquire
E-mail: jdd@derreverelaw.com
Derrevere Stevens Black & Cozad
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411
Phone: (561) 684-3222
Facsimile: (561) 640-3050
*Attorney for Defendant,*
*Target Corporation*

H Ross Zelnick, Esquire
E-mail: hz@ginniskrathenlaw.com
Ginnis & Krathen, P.A.
500 East Broward Boulevard, Ste. 1850
Fort Lauderdale, FL 33394
Phone: (954) 905-4600
*Attorney for Plaintiffs, Diana Wladimirski and*
*Isreal Wladimirski*