

# PROCESS SERVER DELIVERY DETAILS

**Date:**  Wed, Nov 11, 2020

**Server Name:**  John Van Steekiste

| Entity Served | TARGET CORPORATION |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 502020CA012039XXXXMB DIV AN |
| Jurisdiction | FL |



**EXHIBIT 2**

Filing # 116041026 E-Filed 11/03/2020 10:25:51 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.

DIANA WLADIMIRSKI and
ISREAL WLADIMIRSKI, her husband,

    Plaintiffs,

v.

TARGET CORPORATION and
CHRIS DEAL,

    Defendants.
_____/

## SUMMONS ON COMPLAINT

**THE STATE OF FLORIDA:**
To All and Singular the Sheriffs of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Plaintiffs' General Insurance Interrogatories, Plaintiffs' General Negligence Interrogatories and Plaintiffs' Request for Production in this action on Defendant:

**TARGET CORPORATION**
**c/o CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **ERIC JASON GINNIS, ESQUIRE**, Florida Bar Number: 627429, **GINNIS & KRATHEN, P.A., 500 East Broward Boulevard, Suite 1850, Fort Lauderdale, FL 33394**, within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED ON    Nov 04 2020   , 2020.

                                            as Clerk of said Court

                                By: _Blake Smith_____
                                    as Deputy Clerk (Court Seal)
                                    BLAKE SMITH

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.

DIANA WLADIMIRSKI and
ISREAL WLADIMIRSKI her husband,

    Plaintiffs,

v.

TARGET CORPORATION
and CHRIS DEAL,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI, her husband, by and through their undersigned counsel, sue the Defendants, TARGET CORPORATION (hereinafter "TARGET") and CHRIS DEAL, and as grounds theretofore allege as follows:

1. This is an action for damages that exceeds the jurisdictional minimum amount of Thirty Thousand ($30,000.00) Dollars, exclusive of court costs, attorney's fees and interest.

2. The Plaintiffs, DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI, are married, living together as husband and wife, and are residents of Palm Beach County, Florida.

3. At all relevant times, the Defendant, TARGET, was and is a foreign profit corporation transacting business in the State of Florida, and was conducting business in Palm Beach County, Florida.

4. At all relevant times, the Defendant, TARGET CORPORATION, managed, owned and/or was in exclusive control of the property known as TARGET, which was located at 21637 State Road 7, Boca Raton, Palm Beach County, Florida.

1

5. At all relevant times, the Defendant, CHRIS DEAL, was and is the manager of the subject TARGET.

6. On or about November 24, 2016, the Plaintiff, DIANA WLADIMIRSKI, was a business invitee of the Defendant, TARGET, which was located at 21637 State Road 7, Boca Raton, Palm Beach County, Florida.

7. On or about November 24, 2016, the Plaintiff, DIANA WLADIMIRSKI, was injured when an employee of the Defendant, TARGET, struck her with a cart carrying a television which caused her to take a violent fall and which resulted in her suffering serious injuries.

### COUNT I -NEGLIGENCE AGAINST TARGET CORPORATION

Plaintiffs reallege and reaffirm the allegations ontained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

8. At all relevant times, the Defendant, TARGET, owed the Plaintiff, DIANA WLADIMIRSKI, a non-delegable duty to exercise reasonable care to prevent injury to the Plaintiff.

9. That Plaintiff, DIANA WLADIMIRSKI, was caused to fall, sustaining serious injuries due to the negligent mainenance and hazardous risk conditions upon the aforementioned premises, to-wit: the employee of the Defendant, TARGET, struck here with a cart carrying a television causing her to have a violent fall.

10. The Defendant, TARGET, was negligent and breached its duty owed to the Plaintiff, DIANA WLADIMIRSKI, in one or more of the following ways:

    a. Creating and maintaining a hazardous risk and/or dangerous condition;

    b. Failing to warn the Plaintiff of the hazardous risk and/or dangerous condition in and around their premises;

    c. Failing to correct and rectify a hazardous risk and/or dangerous condition that existed on their premises;

    d. Failing to take reasonable measures to prevent the hazardous risk and/or dangerous condition;

    e. Failing to maintain the premises in a safe and reasonable manner for those persons lawfully upon the premises.

11. The Defendant, TARGET, had a non-delegable duty to maintain the premises in a safe and reasonable manner for those persons lawfully upon the premises.

12. As a direct and proximate result of the negligence of Defendant, TARGET, the Plaintiff, DIANA WLADIMISKI, was severely, significantly and permanently injured within a reasonable degree of medical probability, and has been permanently and significantly scarred and disfigured; has incurred a significant and permanent loss of bodily functions; and/or has sustained a significant and permanent aggravation of a pre-existing injury. As a further direct and proximate result of said Defendant's negligence, the Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future. The Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctor bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate his suffering and cure her injuries. The Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as the result of the injuries. All of the Plaintiff's losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiffs, DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI, respectfully demand that this Court enter a judgment against the Defendant, TARGET

CORPORATION, for damages, including but not limited to actual, consequential and other damages as and if permitted by law, costs and further demand trial by jury on all issues so triable as a matter or right.

### COUNT II-NEGLIGENCE AGAINST CHRIS DEAL

Plaintiffs reallege and reaffirm the allegations ontained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

13. At all relevant times, the Defendant, CHRIS DEAL, owed the Plaintiff, DIANA WLADIMIRSKI, a non-delegable duty to exercise reasonable care to prevent injury to the Plaintiff.

14. That Plaintiff, DIANA WLADIMIRSKI, was caused to fall, sustaining serious injuries due to the negligent mainenance and hazardous risk conditions upon the aforementioned premises, to-wit: the employee of the Defendant, TARGET, struck here with a cart carrying a television causing her to have a violent fall.

15. At all relevant times, the hazardous risk and/or dangerous condition was of such a nature that it was either created by the Defendant, CHRIS DEAL, or something of which said Defendant should have been reasonably aware of the hazardous risk and/or dangerous condition.

16. The Defendant, CHRIS DEAL, was negligent and breached its duty owed to the Plaintiff, DIANA WLADIMIRSKI, in one or more of the following ways:

    a. Creating and maintaining a hazardous risk and/or dangerous condition;

    b. Failing to warn the Plaintiff of the hazardous risk and/or dangerous condition in and around their premises;

    c. Failing to correct and rectify a hazardous risk and/or dangerous condition that existed on their premises;

    d. Failing to take reasonable measures to prevent the hazardous risk and/or dangerous condition;

    e. Failing to maintain the premises in a safe and reasonable manner for those persons lawfully upon the premises.

17. The Defendant, CHRIS DEAL, had a non-delegable duty to maintain the premises in a safe and reasonable manner for those persons lawfully upon the premises.

18. As a direct and proximate result of the negligence of Defendant, CHRIS DEAL, the Plaintiff, DIANA WLADIMIRSKI, was severely, significantly and permanently injured within a reasonable degree of medical probability, and has been permanently and significantly scarred and disfigured; has incurred a significant and permanent loss of bodily functions; and/or has sustained a significant and permanent aggravation of a pre-existing injury. As a further direct and proximate result of said Defendant's negligence, the Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future. The Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctor bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate his suffering and cure her injuries. The Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as the result of the injuries. All of the Plaintiff's losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

    WHEREFORE, the Plaintiffs, DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI, respectfully demand that this Court enter a judgment against the Defendant, CHRIS DEAL, for damages, including but not limited to actual, consequential and other damages as and if permitted by law, costs and further demand trial by jury on all issues so triable as a matter or right.

## COUNT III -CONSORTIUM CLAIM OF ISREAL WLADIMIRSKI

The Plaintiff, DIANA WLADIMIRSKI, realleges and reavers paragraphs 1 though 18 as though fully set forth herein, and further alleges:

22. That as a further direct and proximate result of the foregoing, Plaintiff, ISREAL WLADIMIRSKI, has in the past and will in the future suffer the loss of his wife' services, companionship and consortium.

WHEREFORE, the Plaintiffs, DIANA WLADIMIRSKI and ISREAL WLADIMIRSKI, respectfully demand that this Court enter a judgment against the Defendants, TARGET CORPORATION and CHRIS DEAL, for damages, including but not limited to actual, consequential and other damages as and if permitted by law, costs and further demand trial by jury on all issues so triable as a matter or right.

DATED this 3rd day of November, 2020.

GINNIS & KRATHEN, P.A.
*Counsel for Plaintiffs*
500 East Broward Boulevard
Suite 1850
Fort Lauderdale, FL 33394
Phone: (954) 905-4600
Fax: (954) 905-4605

*/s/ H Ross Zelnick*
_____
ERIC JASON GINNIS
Florida Bar Number: 627429
EG@GinnisKrathenLaw.com
LB@GinnisKrathenLaw.com
Pleadings@GinnisKrathenLaw.com
H ROSS ZELNICK
Florida Bar Number: 58043
HZ@GinnisKrathenLaw.com
MIGUEL A. AMADOR
Florida Bar Number: 47292
MA@GinnisKrathenLaw.com